LIFE INSURANCE COMPANY OF VIRGINIA, a Virginia corporation; the Life Insurance Company of Virginia Now Known as GE Life & Annuity Assurance Company, Plaintiffs–Appellees,

v.

Victor ROFAEL, an individual, Defendant–Appellant.

No. 99–56183.

D.C. No. CV–98–09428–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2001.

Decided April 2, 2001.

---

Before KOZINSKI and TALLMAN, Circuit Judges, and ZAPATA, District Judge.*

### MEMORANDUM **

■ When a party to an insurance contract neglects to communicate that which he knows and ought to communicate, he has committed "concealment" under § 330 of the California Insurance Code. Cal. Ins. Code § 330. Pursuant to § 332, the party must communicate to the other, in good faith, all facts within his knowledge which are or which he believes to be material to

the contract. The party injured by the concealment is entitled to rescind the contract under § 331.

Victor Rofael's ("Rofael") role was not merely that of an agent who owed no duty of good faith disclosure to The Life Insurance Company of Virginia ("Life of Virginia"). Rofael signed the application and was the principal and named owner of the policy; Rofael did not pay a premium until the policy was delivered; and Rofael's insurance agent made no promises about conditional coverage. *Compare Harte v. United Benefit Life Ins. Co.*, 66 Cal.2d 148, 153, 56 Cal.Rptr. 889, 424 P.2d 329 (1967).

It is undisputed that Rofael knew that his father was terminally ill and concealed this fact from Life of Virginia. *See Elfstrom v. New York Life Ins. Co.*, 67 Cal.2d 503, 514, 63 Cal.Rptr. 35, 432 P.2d 731 (1967).

The district court properly found that Life of Virginia was entitled to rescind the policy because Rofael breached his affirmative duty to inform Life of Virginia of all facts material to the life insurance agreement.

■ Life of Virginia is not estopped from rescinding the contract, nor did it waive its ability to rescind the policy, because it was not informed that William Rofael had terminal cancer until after the insurance policy was delivered. *See Lunardi v. Great–West Life Assurance Co.*, 37 Cal.App.4th 807, 824, 44 Cal.Rptr.2d 56 (Cal.Ct.App.1995); *Green v. Travelers Indem., Co.*, 185 Cal.App.3d 544, 555, 230 Cal.Rptr. 13 (Cal.Ct.App.1986).

■ Moreover, Life of Virginia did not waive its right to information of material facts under California Insurance Code § 336, because neither Rofael nor William

---

* The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

Rofael made any disclosure of changed circumstances or revealed any information that "distinctly implied" a change in health.

AFFIRMED.

---

* John Ashcroft is substituted for Janet Reno, Attorney General, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.